IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN HEALTHCARE GROUP, INC and
SUNBRIDGE HEALTHCARE
CORPORATION,

      Plaintiffs,

v.

HEALTH CARE CAPITAL CONSOLIDATED,
INC and HEALTH CARE CAPITAL, INC.,

      Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 04-1427(GMS)

Jury Trial Demanded

## SCHEDULING ORDER

This _____ day of _____, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16 2(b) on February 24, 2005

IT IS ORDERED that:

1. **Rule 26(a) Initial Disclosures.** The parties have exchanged their initial disclosures pursuant to Federal Rule Civil Procedure 26(a)

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before March 26, 2005.

3. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before August 1, 2005.

    a    <u>Discovery Matters</u>  Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference  Not less than forty-eight hours prior to the conference, by hand delivery or facsimile at (302) 573-6472, the party seeking relief shall file with the Court a letter

agenda not to exceed two (2) pages outlining the issues in dispute. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court shall order the party seeking relief to file with the Court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of not more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4.    **Confidential Information and Papers filed Under Seal.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

    5.    **Settlement Conference.** Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement. The parties shall contact Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

    6.    **Status/Settlement Conference.** On _____, the Court will hold a conference by telephone with counsel beginning at _____ m. to discuss the progress of efforts to settle this dispute. Plaintiffs' counsel shall initiate the telephone call

If no efforts have been made or those efforts have to date been unsuccessful, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court with counsel and their clients.

7.    **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before August 15, 2005. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval.

8.    **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9.    **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.4.

10.   **Pretrial Conference.** On December 20, 2005, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3). Thirty (30) days before the joint proposed pretrial order is due, plaintiffs' counsel shall forward to defendants' counsel a draft of the pretrial order containing the information plaintiffs propose to include in the draft. Defendants' counsel shall, in turn, provide to plaintiffs' counsel any comments on plaintiffs' draft as well as the information defendants propose to include in the proposed pretrial order. Motions

RLF1-2846869-1

*in limine*: No party shall file more than ten (10) motions *in limine*. Opening briefs on all motions *in limine* shall be filed by November 2, 2005. Answering and reply briefs shall be filed in accordance with Local Rule 7.1.2 and all briefs shall be submitted with the pretrial order. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before November 29, 2005.

11. **Trial.** This matter is scheduled for a 3 day jury trial beginning at 9:30 a.m. on January 11, 2006.

12. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470.

_____
UNITED STATES DISTRICT JUDGE